IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS SALAZAR AND MARIA SALAZAR, | § § § | |
| Plaintiffs, | § § | |
| | § | CIVIL ACTION NO. _____ |
| v. | § § | |
| ALLSTATE TEXAS LLOYD'S, | § § | |
| Defendant. | § | |

## DEFENDANT ALLSTATE TEXAS LLOYD'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Allstate Texas Lloyd's in Cause No. 2016-83965, pending in the 333rd Judicial District Court of Harris County, Texas, files this Notice of Removal from that court to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

## I.
## FACTUAL BACKGROUND

1.1     On or about December 6, 2016, Plaintiffs filed Plaintiffs' Original Petition in the matter styled *Luis Salazar and Maria Salazar v. Allstate Texas Lloyd's,* Cause No. 2016-83965, pending in the 333rd Judicial District Court of Harris County, Texas, in which Plaintiffs made a claim for damages to [his/her/their] home under a homeowner's insurance policy with Allstate Texas Lloyd's.

1.2     Plaintiffs served Defendant Allstate Texas Lloyd's ("Allstate") with Plaintiffs' Original Petition and process on December 21, 2016, by process server on its registered agent, CT Corporation System.

1.3     Simultaneously with the filing of this notice of removal, attached hereto as Exhibit A is the Index of Matters Being Filed.  A copy of the Harris County District Clerk's file for this case is attached as Exhibit B which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.  Attached hereto as Exhibit C is the Designation of Counsel.

## II.
## BASIS FOR REMOVAL

2.1     Defendant files this notice of removal within 30 days of receiving Plaintiffs' Original Petition.  *See* 28 U.S.C. §1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *See id.*

2.2     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PARTIES ARE OF DIVERSE CITIZENSHIP.

2.3     Plaintiffs are, and were at the time the lawsuit was filed, natural persons and residents of Harris County in the State of Texas and thus, are citizens of Texas.  *See* Plaintiffs' Original Petition, ¶ 6.2.  On information and belief, Plaintiffs intend to continue residing in Texas and are thus domiciled in Texas.  See *Hollinger v. Home State Mut. Ins. Co.,* 654 F.3d 564, 571 (5th Cir. 2011) (evidence of a person's place of residence is prima facie proof of his state of domicile, which presumptively continues unless rebutted with sufficient evidence of change).

2.4     Defendant Allstate Texas Lloyd's was, and at the date of this Notice, remains an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and New Jersey.[1]  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members."  *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).[2]  The individual underwriters of Allstate Texas Lloyd's and their citizenship are as follows:  1). Donald J. Bailey – New Jersey; 2). Teresa J. Dalenta – Illinois; 3). Kimberley M. Bartos - Illinois; 4). William G. Hill – Illinois; 5). James W. Jonske – Illinois; 6). Katherine A. Mabe – Illinois; 7). Laurie Pellouchoud – Illinois; 8). Richard J. Smith, Jr. – Illinois; 9). Myron E. Stouffer – Illinois; and 10.) Steven C. Verney - Illinois.  Accordingly, Allstate Texas Lloyd's is a citizen of the States of Illinois and New Jersey.  Allstate Texas Lloyd's is not a citizen of the State of Texas.

**B.     THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.5     In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); s*ee Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud,

---

[1] *See Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-884 (5th Cir. 1993), *cert. denied*, 522 U.S. 815 (1997); s*ee also Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998).
[2] "Fifth Circuit jurisprudence is equally clear."  *See Massey,* 993 F. Supp. at 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997)).

negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.,* 75 F. Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

2.6     This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiffs allege that Defendant is liable under a residential insurance policy because Plaintiffs made a claim under that policy and Defendant wrongfully adjusted and denied Plaintiffs' claim.

2.7     Plaintiffs have specifically pled that they are seeking monetary relief over $100,000, but not more than $200,000.  *See* Plaintiffs' Original Petition, ¶ 9.1.   This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1     Defendant Allstate was first served with Plaintiffs' Original Petition and process on December 21, 2016.  This notice of removal is filed within the 30-day time period required by

3.2     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiffs, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Harris County District Court, promptly after Defendant files this Notice.

## IV.
## CONCLUSION

4.1     Based upon the foregoing, the exhibits submitted in support of this Removal and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Allstate Texas Lloyd's hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ Vanessa A. Rosa
Vanessa A. Rosa
State Bar No. 24081769
Attorney-in-Charge
Southern District No. 2218868
vrosa@thompsoncoe.com
Roger D. Higgins
State Bar No.  09601500
Southern District No. 33282
rhiggins@thompsoncoe.com

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 North Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone:     (214) 871-8200
Fax:              (214) 871-8209

ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on January 20, 2017, a copy of this document was served to all Counsel of Record via electronic notice and/or certified mail, return receipt requested to:

> Jesse S. Corona
> jesse@theCoronaLawfirm.com
> THE CORONA LAW FIRM, PLLC
> 521 N Sam Houston Pkwy E, Ste. 420
> Houston, Texas 77068

> */s/ Vanessa A. Rosa*
> Vanessa A. Rosa