**Harris County Docket Sheet**

# 2016-83965

**COURT:** 333rd

**FILED DATE:** 12/6/2016

**CASE TYPE:** Debt/Contract - Consumer/DTPA



---

### SALAZAR, LUIS

Attorney: CORONA, JESSE S.

**vs.**

### ALLSTATE TEXAS LLOYDS

Attorney: HIGGINS, ROGER D.

---

| Docket Sheet Entries | |
|---|---|
| **Date** | **Comment** |



EXHIBIT
B

**HCDistrictclerk.com**      SALAZAR, LUIS vs. ALLSTATE TEXAS LLOYDS                1/16/2017
                        Cause: 201683965        CDI: 7      Court: 333

## APPEALS
No Appeals found.

## COST STATMENTS
No Cost Statments found.

## TRANSFERS
No Transfers found.

## POST TRIAL WRITS
No Post Trial Writs found.

## ABSTRACTS
No Abstracts found.

## SETTINGS
No Settings found.

## NOTICES
No Notices found.

## SUMMARY

CASE DETAILS

| | | COURT DETAILS | |
|---|---|---|---|
| **File Date** | 12/6/2016 | **Court** | 333rd |
| **Case (Cause) Location** | Civil Intake 1st Floor | **Address** | 201 CAROLINE (Floor: 14) HOUSTON, TX 77002 Phone:7133686470 |
| **Case (Cause) Status** | Active - Civil | | |
| **Case (Cause) Type** | Debt/Contract - Consumer/DTPA | **JudgeName** | DARYL L. MOORE |
| **Next/Last Setting Date** | N/A | **Court Type** | Civil |
| **Jury Fee Paid Date** | 12/6/2016 | | |

## ACTIVE PARTIES

| Name | Type | Post Jdgm | Attorney |
|---|---|---|---|
| SALAZAR, LUIS | PLAINTIFF - CIVIL | | CORONA, JESSE S. |
| THE CORONA LAW FIRM PLLC, HOUSTON, TX 77060 | | | |
| ALLSTATE TEXAS LLOYDS | DEFENDANT - CIVIL | | HIGGINS, ROGER D. |
| C/O CT CORPORATION SYSTEM, DALLAS, TX 75201 | | | |
| SALAZAR, MARIA | PLAINTIFF - CIVIL | | CORONA, JESSE S. |
| THE CORONA LAW FIRM PLLC,, HOUSTON, TX 77060 | | | |

ALLSTATE TEXAS LLOYDS MAY BE SERVED BY     REGISTERED AGENT
SERVING ITS REGISTERED AGENT

1999 BRYAN STREET SUITE 900, DALLAS, TX 75201-3136

## INACTIVE PARTIES

No inactive parties found.

## JUDGMENT/EVENTS

| Date | Description | Order Signed | Post Jdgm | Pgs | Volume /Page | Filing Attorney | Person Filing |
|------|-------------|--------------|-----------|-----|--------------|-----------------|---------------|
| 1/13/2017 | ANSWER ORIGINAL PETITION | | | 0 | | HIGGINS, ROGER D. | ALLSTATE TEXAS LLOYDS |
| 12/6/2016 | JURY FEE PAID (TRCP 216) | | | 0 | | | |
| 12/6/2016 | ORIGINAL PETITION | | | 0 | | CORONA, JESSE S. | SALAZAR, LUIS |

## SERVICES

| Type | Status | Instrument | Person | Requested | Issued | Served | Returned | Received | Tracking | Deliver To |
|------|--------|------------|--------|-----------|--------|--------|----------|----------|----------|------------|
| CITATION | SERVICE RETURN/EXECUTED | ORIGINAL PETITION | ALLSTATE TEXAS LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT | 12/6/2016 | 12/12/2016 | 12/21/2016 | | | 73320167 | CIV AGCY-CIVILIAN SERVICE AGENCY |

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|--------|----------|-----------|------|-----|
| 73420632 | Defendant Allstate Texas Lloyds's Original Answer to Plaintiffs' Original Petition | | 01/13/2017 | 2 |
| 73225691 | Citation | | 12/28/2016 | 2 |
| 73115909 | Civil Process Pick-Up Form | | 12/12/2016 | 1 |
| 72984977 | Plantiff's Original Petition | | 12/06/2016 | 44 |
| -> 72984978 | Civil Case Information Sheet | | 12/06/2016 | 1 |

12/6/2016 4:01:50 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14136494
By: Justina Lemon
Filed: 12/6/2016 4:01:50 PM

# 2016-83965 / Court: 333

CAUSE NO. _____

| | | |
|---|---|---|
| **LUIS SALAZAR,** | § | **IN THE DISTRICT COURT** |
| **MARIA SALAZAR,** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **vs.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE TEXAS LLOYD'S,** | § | |
| | § | |
| *Defendant.* | § | **_____ JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LUIS SALAZAR and MARIA SALAZAR (the "SALAZARS" and/or "Plaintiffs"), and complains of ALLSTATE TEXAS LLOYD'S ("ALLSTATE" and/or "Defendant"). In support of such claims and causes of action, Plaintiffs respectfully show unto this Honorable Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Discovery in this case should be conducted in accordance with a Level 3 tailored discovery control plan pursuant to Texas Rule of Civil Procedure 190.4. Plaintiffs affirmatively plead this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169, as Plaintiffs seek monetary relief over $100,000.

### II. PARTIES

2.1     Plaintiffs, LUIS SALAZAR and MARIA SALAZAR, are residents of Harris County, Texas.

2.2     Defendant, ALLSTATE TEXAS LLOYD'S, is a foreign company engaged in the business of insurance in this state. It may be served with process by serving its registered agent,

CT Corporation System, by certified mail, return receipt requested, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136, or wherever it may be found. Plaintiffs request citation be issued at this time.

### III. JURISDICTION AND VENUE

3.1     This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

3.2     Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in Harris County, Texas.

### IV. AGENCY AND RESPONDEAT SUPERIOR

4.1     Whenever in this Petition it is alleged that Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### V. CONDITIONS PRECEDENT

5.1     All conditions precedent to recovery have been performed, waived, or have occurred.

### VI. FACTS APPLICABLE TO ALL COUNTS

6.1     The SALAZARS are the owners of a Texas Homeowner's Policy number 929913658 issued by ALLSTATE (the "Policy").

6.2     The SALAZARS own the insured property, which is specifically located at 19303 Gagelake Lane, Houston, Texas 77084 (the "Property").

---

6.3     ALLSTATE, or its agent(s), sold the Policy, insuring and covering the Property against damages from storm-related events, to Plaintiffs.

6.4     On or about April 19, 2016, the SALAZARS experienced a storm(s) that damaged the Property.  In its track, the storm(s) left behind widespread damage to the Property, Plaintiffs' home.

6.5     The SALAZARS timely submitted a claim to ALLSTATE.  ALLSTATE assigned various adjusters to adjust the claim.  However, ALLSTATE and its agents were not diligent in investigating Plaintiffs' loss.  ALLSTATE failed to timely and accurately investigate the covered loss.  ALLSTATE assigned claim number 0411803679 to the SALAZARS' claim.

6.6     Ultimately, ALLSTATE, inspected the SALAZARS' property after the storm(s). During the inspection, ALLSTATE, was tasked with the responsibility of conducting a thorough and reasonable investigation of the SALAZARS' claim, including determining the cause of, and then quantifying the damage done to the SALAZARS' home.

6.7     ALLSTATE prepared a repair estimate which did not account for all of the covered damages.  Further, even the damages that were accounted for were vastly under-scoped. Thus, Defendant ALLSTATE demonstrated it did not conduct a thorough investigation of the claim.

6.8     Defendant ALLSTATE failed to fairly evaluate and adjust the SALAZARS' claim as they are obligated to do under the Policy and Texas law.  By failing to properly investigate the claim and wrongfully denying full coverage to the SALAZARS, ALLSTATE engaged in unfair settlement practices by misrepresenting material facts to the SALAZARS.

6.9     Defendant ALLSTATE failed to perform its contractual duty to adequately compensate the SALAZARS under the terms of the Policy.  Specifically, Defendant ALLSTATE

failed and refused to properly pay proceeds for the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by the SALAZARS. Defendant ALLSTATE's conduct constitutes a material breach of the insurance contract.

6.10    Defendant ALLSTATE misrepresented to the SALAZARS that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(1).

6.11    Defendant ALLSTATE's repair estimate under-scoped the covered damages and misrepresented the benefits under the Policy, which promised to pay the amount of loss to the SALAZARS. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section specified in Tex. Ins. Code § 541.051(1)(B).

6.12    Defendant ALLSTATE failed to make an attempt to settle the SALAZARS' claims in a prompt and fair manner, although they were aware of its liability to the SALAZARS was reasonably clear under the Policy. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(2)(A).

6.13    Defendant ALLSTATE failed to explain to the SALAZARS why full payment was not being made. Furthermore, Defendant did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendant provide any explanation for the failure to adequately settle the SALAZARS' claims, in violation of Tex. Ins. Code § 541.060(a)(3).

---

PLAINTIFFS' ORIGINAL PETITION                                                          PAGE -4-

6.14    Defendant ALLSTATE failed to affirm or deny coverage of the SALAZARS' claim within a reasonable time. Specifically, the SALAZARS did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(4).

6.15    Defendant ALLSTATE refused to fully compensate the SALAZARS under the terms of the Policy, even though Defendant failed to conduct a reasonable investigation. Specifically, Defendant ALLSTATE performed a results/outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of the SALAZARS' losses to the Property. Defendant's conduct constitutes a violation of the Unfair Settlement Practices specified in Tex. Ins. Code § 541.060(a)(7).

6.16    Defendant ALLSTATE misrepresented the insurance policy sold to the SALAZARS by (1) making an untrue statement of material fact regarding coverage; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4) making a material misstatement of law; and/or (5) failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code, in violation of Section 541.061 of the same.

6.17    Defendant ALLSTATE failed to meet its obligation under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of the SALAZARS' claim, and requesting all information reasonably necessary to investigate the

SALAZARS' claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.055.

6.18    Defendant ALLSTATE failed to accept or deny the SALAZARS' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.056.

6.19    Defendant ALLSTATE failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay.  Specifically, Defendant has delayed full payment of Plaintiffs' claim longer than allowed and, to date, the SALAZARS have not yet received full payment for their claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter specified in Tex. Ins. Code § 542.058.

6.20    From the point in time the SALAZARS' claim was presented to Defendant ALLSTATE, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant ALLSTATE has refused to pay the SALAZARS in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

6.21    As a result of Defendant's wrongful acts and omissions, the SALAZARS were forced to retain the professional services of the attorney and law firm who are representing the SALAZARS with respect to these causes of action.  On or about August 12, 2016,  the SALAZARS' counsel sent a letter of representation requesting various documents related to the storm(s).

6.22    On or about October 7, 2016, the SALAZARS' counsel sent a Texas Deceptive Trade Practices Act ("DTPA") and Texas Insurance Code Notice and Demand letter the Defendant. The letter informed Defendant of potential violations under the DTPA and Insurance Code related to its handling and adjusting of Plaintiffs' claim and potential claims, including attorney's fees, statutory penalty interest, and additional damages arising from those violations. The Notice and Demand letter provided Defendant with the statutorily mandated sixty days to respond, and an opportunity to resolve the claim without extended litigation costs. Defendant acknowledged the letter, then maintained its previous claims stance and denied the Demand in its entirety in a letter to the SALAZARS' counsel dated December 1, 2016; satisfying the statutory requirement that Defendants either deny a DTPA and Insurance Code Demand or be allotted a sixty-day time period to attempt to resolve the claim before a Petition is to be filed.

6.23    To date, Defendant ALLSTATE has failed to and refused to pay the SALAZARS for the proper repair of the property. The SALAZARS' experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII.  COUNTS

7.1    Plaintiffs incorporate by reference all facts, statements, and allegations set forth in all previous paragraphs, as if set forth in full in each cause of action that follows.

7.2    **COUNT 1 – BREACH OF CONTRACT**

a.    At the time of the loss, Plaintiffs had valid, enforceable insurance contract in place, issued by Defendant (the "Policy"). Plaintiffs were the insureds of the contract.

Plaintiffs fully performed their contractual obligations by making premium payments as required by the insurance contract, and at all times complied fully with all material provisions of the Policy.

      b.     According to the Policy that Plaintiffs purchased, Defendant ALLSTATE had the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the Plaintiffs' home has been damaged.

      c.     Defendant ALLSTATE's failure to properly investigate and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a material breach of Defendant ALLSTATE's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this Petition, the producing cause of which is Defendant's actions.

7.3    **COUNT 2 – PROMPT PAYMENT OF CLAIMS; VIOLATION OF TEXAS INSURANCE CODE §542, ET SEQ.**

      a.     Under the Texas Insurance Code, Defendant ALLSTATE had a duty to investigate and pay Plaintiffs' claim under the Policy in a timely manner. Defendant ALLSTATE violated Chapter 542 of the Texas Insurance Code by not timely: (1) commencing its investigation of the claim; (2) requesting information needed to investigate the claim; (3) communicating with its insured regarding the status of its investigation, including failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe; (4) conducting its investigation of the claim; and (5) paying the claim.

b.     All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition. Defendant ALLSTATE is therefore liable under Chapter 542 for penalty interest at the rate set forth in the statute, and attorney's fees taxed as costs of this suit.

c.     Additionally, if it is determined Defendant ALLSTATE owes Plaintiffs any additional money on Plaintiffs' claim, then Defendant has automatically violated Chapter 542 in this case.

7.4     **COUNT 3 –   UNFAIR INSURANCE PRACTICES; VIOLATION OF TEXAS INSURANCE CODE § 541, ET SEQ.**

a.     As an insurer, Defendant ALLSTATE owes statutory duties to Plaintiffs as its insured. Specifically, the Texas Insurance Code prohibits Defendant ALLSTATE from engaging in any unfair or deceptive act or practice in the business of insurance.

b.     By its acts, omissions, failures, and conduct, Defendant ALLSTATE has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this Petition, plus Defendant's unreasonable delays and under-scoping in the investigation, adjustment, and resolution of the Plaintiffs' claim, plus Defendant's failure to pay for the proper repair of the Plaintiffs' home on which liability had become reasonably clear. They further include Defendant's failure to give Plaintiffs the benefit of the doubt. Specifically, Defendant ALLSTATE are guilty of the following unfair insurance practices:

i.     Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

---

ii.      Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim submitted in which liability had become reasonably clear;

iii.      Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement;

iv.      Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

v.      Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

vi.      Misrepresenting the insurance policy sold to Plaintiffs by (1) making an untrue statement of material fact regarding coverage; (2)  failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact regarding coverage; (4)  making a material misstatement of law;  and/or (5)  failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of the Texas Insurance Code.

c.      Defendant ALLSTATE has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.  Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this Petition.

d.     All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition, and were done knowingly and/or intentionally as that term is used in the Texas Insurance Code.

7.5    **COUNT 4 – DTPA; VIOLATIONS OF TEXAS BUSINESS AND COMMERCE CODE § 17.46, ET SEQ.**

a.     Plaintiffs are individuals who sought and acquired a good, the Policy that is the subject of the suit, by purchase, from the Defendant.  They also sought and acquired the service and adjustment of claims under that policy, a service that was "furnished in connection with the sale or repair of goods", as defined by the DTPA.  This qualifies Plaintiffs as consumers of goods and services provided by Defendant as defined by the Texas Deceptive Trade Practices Act ("DTPA"), codified under Chapter 17 of the Texas Business and Commerce Code.  The Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants.  Specifically, Defendant's violations of the DTPA include without limitation, the following matters.

b.     By its acts, omissions, failures, and conduct that are described in this Petition, Defendant ALLSTATE has committed false, misleading, or deceptive acts or practices in violation of § 17.46(b)(2), (3), (5), (7), (11), (12), (13), (20), and (24) of the DTPA.  In this respect, Defendant's violations include without limitation:

i.     Unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, during which Defendant employed a series of alleged "independent adjusters" under the control of Defendant, that caused confusion to Plaintiffs as to whom was representing whom, and had whose best interests in mind.  This gives Plaintiffs the right to recover under Section 17.46(b)(2) and (3) of the DTPA;

ii.     As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services had characteristics, uses, or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(5) of the DTPA;

iii.    As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

iv.     As described in this Petition, Defendant represented to Plaintiffs that the insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46(b)(12) of the DTPA;

v.      Defendant knowingly made false or misleading statements of fact concerning the need for replacement of roofing systems, which gives Plaintiffs the right to recover under Section 17.46(b)(13) of the DTPA;

vi.     Defendant breached an express and / or implied warranty that the damage caused by the subject storm(s) would be covered under the insurance policies.  This entitles the Plaintiffs to recover under Sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA;

vii.    Defendant failed to disclose information concerning the insurance policy which was known at the time of the transaction where the failure to disclose such information was intended to induce the Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been

disclosed. This gives Plaintiffs the right to recover under Section 17.46(b)(24) of the DTPA;

       viii.   Defendant's actions, as described in this Petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

       ix.   Defendant's conduct, acts, omissions, and failures as described in this Petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA, under which violations of Chapter 541 of the Texas Insurance Code are an enabling statute.

      c.   All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this Petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally, as those terms are used and defined in the Texas Deceptive Trade Practices Act.

## 7.6   COUNT 5 – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

      a.   By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim, and by failing to settle Plaintiffs' entire claim because Defendant knew or should have known that it was reasonably clear that the claim was covered.

These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiffs' damages.

7.7 **COUNT 6 – MISREPRESENTATION**

a. Defendant ALLSTATE is liable to Plaintiffs under the theories of intentional misrepresentation, or in the alternative, negligent misrepresentation. Defendant ALLSTATE did not inform Plaintiffs of certain exclusions in the policy. Misrepresentations were made by Defendant ALLSTATE or its agents, with the intention that they should be relied upon and acted upon by Plaintiffs, who relied on the misrepresentations to their detriment. As a result, Plaintiffs have suffered damages, including but not limited to loss of the Property, loss of use of the Property, mental anguish and attorney's fees. Defendant ALLSTATE is liable for these actual consequential and penalty-based damages.

### VIII. WAIVER AND ESTOPPEL

8.1 Defendant is waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Plaintiffs.

### IX. DAMAGES / CLAIMS FOR RELIEF

9.1 All the damages described and sought in this Petition are within the jurisdictional limits of the Court and exceed an aggregate amount of monetary relief over $100,000 but not more than $200,000.

9.2 The above described acts, omissions, failures, and conduct of Defendants caused Plaintiffs' damages, which include, without limitation, (1) the cost to properly repair Plaintiffs' home, (2) any investigative and engineering fees incurred by Plaintiffs, (3) court costs, and (4)

attorney's fees.  The Plaintiffs are entitled to recover consequential damages from Defendants' breach of contract.  The Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Chapter 542 of the Texas Insurance Code, plus prejudgment interest.

9.3     Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA, which allows recovery of up to three times economic damages.  Where there is an enabling statute for the DTPA, as there is here with the Texas Insurance Code, Plaintiffs are entitled to recovery of up to three times actual damages. Plaintiffs are further entitled to the additional damages that are authorized by Chapter 541 of the Texas Insurance Code.

9.4     Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code.  These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in the amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## X.  ATTORNEY'S FEES

10.1    As a result of Defendant's conduct that is described in this Petition, Plaintiffs have been forced to retain the undersigned law firm and attorney to prosecute this action, and has

agreed to pay reasonable attorney's fees.  Plaintiffs are entitled to recover these attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code, Chapters 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XI.  DISCOVERY

11.1    Under Texas Rule of Civil Procedure 194, the Defendant is requested to disclose within fifty (50) days of service of this request, the information of material described in Texas Rule of Civil Procedure 194.2(a) through (l).  Plaintiffs' Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this Petition, and incorporated herein by reference.

## XII.  JURY DEMAND

12.1    Plaintiffs demand a jury trial and tenders the appropriate fee with this Petition.

## XIII.  PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs LUIS SALAZAR and MARIA SALAZAR pray that Defendant ALLSTATE TEXAS LLOYD'S be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to economic damages, actual damages, consequential damages, statutory penalty interest, treble damages under the Texas Deceptive Trade Practices Act and Texas Insurance Code, and all punitive and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest, at the highest rate allowed by law, and for any other and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**THE CORONA LAW FIRM, PLLC**


By: /s/ *Jesse S. Corona*

Jesse S. Corona
Texas Bar No. 24082184
Southern District Bar No. 2239270
521 N Sam Houston Pkwy E, Ste. 420
Houston, Texas 77060
Office:  281.882.3531
Facsimile:  713.678.0613
Jesse@theCoronaLawfirm.com

**ATTORNEY FOR PLAINTIFFS**

## CIVIL CASE INFORMATION SHEET (REV. 2/13)

12/6/2016 4:01:50 PM
Chris Daniel - District Clerk
Harris County
Envelope No: 14136494
By: LEMON, JUSTINA V
Filed: 12/6/2016 4:01:50 PM

CAUSE NUMBER *(FOR CLERK USE ONLY):* **2016-83965 / Court: 333**   COURT *(FOR CLERK USE ONLY):*

STYLED   Luis Salazar, Maria Salazar vs. Allstate Texas Lloyd's

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Jesse S. Corona <br> **Email:** jesse@thecoronalawfirm.com <br> cneely@thecoronalawfirm.com | **Plaintiff(s)/Petitioner(s):** <br> Luis Salazar, Maria Salazar | ☑Attorney for Plaintiff/Petitioner <br> ☐Pro Se Plaintiff/Petitioner <br> ☐Title IV-D Agency <br> ☐Other: _____ |
| **Address:** 521 N. Sam Houston Pkwy. E, Ste. 420 <br> **City/State/Zip:** Houston, Texas 77060 | **Telephone:** (281) 882-3531 <br><br> **Fax:** (713) 678-0613 | Additional Parties in Child Support Case: <br><br> **Custodial Parent:** _____ <br><br> **Non-Custodial Parent:** _____ |
| | **Defendant(s)/Respondent(s):** <br> Allstate Texas Lloyd's | |
| **Signature:** [signature] | **State Bar No:** 24082184 | **Presumed Father:** _____ |
| | *[Attach additional page as necessary to list all parties]* | |

**2. Indicate case type, or identify the most important issue in the case** *(select only 1):*

| Civil | | | | Family Law |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* <br> ☒Consumer/DTPA <br> ☐Debt/Contract <br> ☐Fraud/Misrepresentation <br> ☐Other Debt/Contract: <br><br> *Foreclosure* <br> ☐Home Equity—Expedited <br> ☐Other Foreclosure <br> ☐Franchise <br> ☐Insurance <br> ☐Landlord/Tenant <br> ☐Non-Competition <br> ☐Partnership <br> ☐Other Contract: | ☐Assault/Battery <br> ☐Construction <br> ☐Defamation <br> *Malpractice* <br> ☐Accounting <br> ☐Legal <br> ☐Medical <br> ☐Other Professional Liability: <br><br> ☐Motor Vehicle Accident <br> ☐Premises <br> *Product Liability* <br> ☐Asbestos/Silica <br> ☐Other Product Liability <br> List Product: <br><br> ☐Other Injury or Damage: | ☐Eminent Domain/ Condemnation <br> ☐Partition <br> ☐Quiet Title <br> ☐Trespass to Try Title <br> ☐Other Property: <br><br> **Related to Criminal Matters** <br> ☐Expunction <br> ☐Judgment Nisi <br> ☐Non-Disclosure <br> ☐Seizure/Forfeiture <br> ☐Writ of Habeas Corpus— Pre-indictment <br> ☐Other: _____ | ☐Annulment <br> ☐Declare Marriage Void <br> *Divorce* <br> ☐With Children <br> ☐No Children <br><br><br> **Other Family Law** <br> ☐Enforce Foreign Judgment <br> ☐Habeas Corpus <br> ☐Name Change <br> ☐Protective Order <br> ☐Removal of Disabilities of Minority <br> ☐Other: _____ | ☐Enforcement <br> ☐Modification—Custody <br> ☐Modification—Other <br> **Title IV-D** <br> ☐Enforcement/Modification <br> ☐Paternity <br> ☐Reciprocals (UIFSA) <br> ☐Support Order <br><br> **Parent-Child Relationship** <br> ☐Adoption/Adoption with Termination <br> ☐Child Protection <br> ☐Child Support <br> ☐Custody or Visitation <br> ☐Gestational Parenting <br> ☐Grandparent Access <br> ☐Parentage/Paternity <br> ☐Termination of Parental Rights <br> ☐Other Parent-Child: |
| **Employment** | | **Other Civil** | | |
| ☐Discrimination <br> ☐Retaliation <br> ☐Termination <br> ☐Workers' Compensation <br> ☐Other Employment: | ☐Administrative Appeal <br> ☐Antitrust/Unfair Competition <br> ☐Code Violations <br> ☐Foreign Judgment <br> ☐Intellectual Property | ☐Lawyer Discipline <br> ☐Perpetuate Testimony <br> ☐Securities/Stock <br> ☐Tortious Interference <br> ☐Other: _____ | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal <br> ☐Tax Delinquency <br> ☐Other Tax | *Probate/Wills/Intestate Administration* <br> ☐Dependent Administration <br> ☐Independent Administration <br> ☐Other Estate Proceedings | ☐Guardianship—Adult <br> ☐Guardianship—Minor <br> ☐Mental Health <br> ☐Other: _____ |

**3. Indicate procedure or remedy, if applicable** *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court <br> ☐Arbitration-related <br> ☐Attachment <br> ☐Bill of Review <br> ☐Certiorari <br> ☐Class Action | ☐Declaratory Judgment <br> ☐Garnishment <br> ☐Interpleader <br> ☐License <br> ☐Mandamus <br> ☐Post-judgment | ☐Prejudgment Remedy <br> ☐Protective Order <br> ☐Receiver <br> ☐Sequestration <br> ☐Temporary Restraining Order/Injunction <br> ☐Turnover |

**4. Indicate damages sought** *(do not select if it is a family law case):*
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☒Over $100, 000 but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☐Over $1,000,000



## CHRIS DANIEL
### HARRIS COUNTY DISTRICT CLERK

ENTERED _____
VERIFIED _NC 12-12_

COPY OF PLEADING PROVIDED BY PLTD

### Civil Process Pick-Up Form

CAUSE NUMBER: 2016-83965

ATY____          CIV ✓          COURT 333

---

**REQUESTING ATTORNEY/FIRM NOTIFICATION**

*ATTORNEY: Corona, Jesse          PH: (281) 882-3531

*CIVIL PROCESS SERVER: Johnny Black Bv # 13

*PH: (713) 900-2804

*PERSON NOTIFIED SVC READY: KLA VM for Johnny @ 10:50am

* NOTIFIED BY: Shaniece

DATE: 12-13-2016

---

| Type of Service Document: CITA | Tracking Number 73320/67 |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |
| Type of Service Document: | Tracking Number |

Process papers prepared by: SHANIECE RICHARDSON

Date: 12·12   2016      30 days waiting  1 - 12 - 2017

---

*Process papers released to: _JB_
_____  (PRINT NAME) _JB_
7-906-2804
*(CONTACT NUMBER)          (SIGNATURE)

*Process papers released by: _Brianna Denmon_
_____  (PRINT NAME)
_____  (SIGNATURE)

* Date: 12/15/16  , 2016  Time: 340  AM/PM

---

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Revised 12-15-2014

12/28/2016 8:14:49 AM
Chris Daniel - District Clerk Harris County
Envelope No. 14463440
COPY OF PLEADING PROVIDED By: Eunice Gentry
Filed: 12/28/2016 8:14:49 AM

CAUSE NO. 201683965

| RECEIPT NO. | 0.00 | CIV |
| ********** | | TR # 73320167 |

| PLAINTIFF: SALAZAR, LUIS | In The 333rd |
| vs. | Judicial District Court |
| DEFENDANT: ALLSTATE TEXAS LLOYDS | of Harris County, Texas |
| | 333RD DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE TEXAS LLOYDS MAY BE SERVED BY SERVING ITS REGISTERED AGENT
    CT CORPORATION SYSTEM
    OR WHEREVER IT MAY BE FOUND
    1999 BRYAN STREET SUITE 900    DALLAS  TX  75201 - 3136
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 6th day of December, 2016, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 12th day of December, 2016, under my hand and
seal of said Court.

Issued at request of:
CORONA, JESSE S.
521  N SAM HOUSTON PKWY E.
SUITE 420
HOUSTON, TX  77060
Tel: (281) 882-3531
Bar No.: 24082184

*Chris Daniel*

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: RICHARDSON, SHANIECE J
A4L//10556795

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at __950__ o'clock __A__.M., on the __13__ day of __DECEMBER__, __2016__

Executed at (address) __1999  BRYAN ST., SUITE 900, DALLAS TEXAS 75201-3136__ in

__DALLAS__ County at __8:50__ o'clock __A__.M., on the __21__ day of __DECEMBER__,

__2016__, by delivering to __ALLSTATE TEXAS LLOYDS__ defendant, in person, a

true copy of this Citation together with the accompanying __1__ copy(ies) of the Petition
__PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS__
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this __28__ day of __DECEMBER__, __2016__.

FEE: $ __85__

_____ of _____ County, Texas

__Johnny R Black__, SCH 209   __1/31/19__ EXP.
Affiant                                    Deputy

On this day, __JOHNNY R. BLACK__, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this __28__ day of __December__, __2016__.

__Sharon Justice Black__
Notary Public

SHARON JUSTICE BLACK
Notary Public, State of Texas
My Commission Expires
July 07

N.INT.CITR.P                                                        73320167

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

Allstate Texas Lloyds
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, Texas 75201-3136

9590 9402 2203 6193 3465 02

2. Article Number (Transfer from service label)
7016 1370 0001 5006 6720

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☑ Agent
                                     ☐ Addressee

B. Received by (Printed Name)        C. Date of Delivery
Chris Wells                          DEC 2 1 2016

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053     SALAZAR

Domestic Return Receipt

1/13/2017 12:10:03 PM
Chris Daniel - District Clerk Harris County
Envelope No. 14733208
By: Euniecy Gentry
Filed: 1/13/2017 12:10:03 PM

CAUSE NO. 2016-83965

| | | |
|---|---|---|
| LUIS SALAZAR AND MARIA SALAZAR | § § § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § § | |
| vs. | § § | HARRIS COUNTY, TEXAS |
| ALLSTATE TEXAS LLOYD'S | § § § | |
| Defendant. | § | 333rd JUDICIAL DISTRICT |

## DEFENDANT ALLSTATE TEXAS LLOYD'S
## ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Texas Lloyd's ("Defendant"), and files this Original Answer to Plaintiffs' Original Petition and would respectfully show the following:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiffs' Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyd's  prays that upon final trial and hearing hereof, Plaintiffs recover nothing from Defendant, but Defendant goes hence without delay and recovers costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,


/s/ Roger D. Higgins
Roger D. Higgins          State Bar No. 09601500
Vanessa A. Rosa           State Bar No. 24081769

THOMPSON, COE, COUSINS & IRONS, L.L.P.
Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone:  (214) 871-8200
Telecopy:  (214) 871-8209
rhiggins@thompsoncoe.com
vrosa@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT
ALLSTATE TEXAS LLOYD'S**


## CERTIFICATE OF SERVICE

This is to certify that on January 13, 2017, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiffs by electronic service:

Jesse S. Corona
The Corona Law Firm, PLLC
521 N. Sam Houston Pkwy E, Ste. 420
Houston, TX 77060
Jesse@theCoronaLawfirm.com


/s/Vanessa Rosa
Vanessa Rosa